

IN THE
TENTH COURT OF APPEALS

─────────────

No. 10-21-00106-CR

HOLDEN DOUGLAS CRUCET,

Appellant

v.

THE STATE OF TEXAS,

Appellee

─────────────

From the 272nd District Court
Brazos County, Texas
Trial Court No. 18-04890-CRF-272

OPINION

Holden Crucet appeals from a conviction for aggravated assault with a deadly weapon. Crucet complains that the trial court abused its discretion by denying his motion for new trial because he received ineffective assistance of counsel, that his due process rights were violated due to the unreasonable deadlines for filing a motion for new trial in criminal cases, and that his equal protection rights were violated because of the difference between issues that are required to have been raised within a motion for

new trial in civil and criminal appeals. Because we find no reversible error, we affirm the judgment of the trial court.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Crucet complains that the trial court abused its discretion by denying his motion for new trial alleging that he received ineffective assistance of counsel in the sentencing phase of his trial after his open plea of guilty. Crucet alleges several failures of his trial counsel, including the failure to present medical records to the probation officer preparing his presentence investigation (PSI), the failure to have Crucet evaluated by a neuropsychologist prior to sentencing, the failure to present expert testimony regarding Crucet's traumatic brain injury (TBI) and post-traumatic stress disorder (PTSD) as mitigating evidence during the sentencing hearing, and the failure to withdraw for more than two weeks after Crucet's sentence was pronounced.

STANDARD OF REVIEW

A defendant may move for a new trial based on ineffective assistance of counsel. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). When an appellant presents his ineffective assistance claim to the trial court in a motion for new trial, an appellate court analyzes that claim as a challenge to the denial of the motion for new trial. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (holding appropriate standard of review for ineffective assistance claim brought forth in motion for new trial is abuse of discretion), *superseded by statute on other grounds as stated in State v. Herndon*, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007); *see also Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim.

App. 2012), *overruled on other grounds by Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2018).

We review a trial court's grant or denial of a motion for new trial for an abuse of discretion. *State v. Gutierrez*, 541 S.W.3d 91, 97-98 (Tex. Crim. App. 2017); *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016); *State v. Boyd*, 202 S.W.3d 393, 401 (Tex. App.—Dallas 2006, pet. ref'd). A trial court is given wide latitude in making the decision to grant or deny a motion for new trial. *Boyd*, 202 S.W.3d at 401.

In ruling on a motion for new trial, we apply a deferential standard of review. *Najar v. State*, 618 S.W.3d 366, 371 (Tex. Crim. App. 2021). The trial court is the exclusive judge of the credibility of the evidence presented at the motion for new trial hearing. *Id*. We also defer to the trial court's credibility choices and presume that all reasonable fact findings in support of the ruling have been made. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014).

In doing so, we "afford almost total deference to a trial court's fact findings, view the evidence in the light most favorable to the trial court's ruling, and reverse the ruling only 'if no reasonable view of the record could support' it." *Id*. (*quoting Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013)). In the absence of express findings, we must presume all findings in favor of the prevailing party. *Najar*, 618 S.W.3d at 371 (*citing Okonkwo*, 398 S.W.3d at 694). We will reverse the trial judge's ruling "only if we discern an abuse of discretion, that is, if the ruling is arbitrary or unsupported by any reasonable view of the evidence." *Id*.

APPLICABLE LAW

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd).

It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id*. The appellant must show that there is a

reasonable probability that, but for his or her attorney's errors, the factfinder would have had a reasonable doubt about his or her guilt or that the extent of the punishment imposed would have been less. *See id.; see also Bone v. State*, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999). Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.; Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id*.

The trial court conducted an extensive hearing during which Crucet's trial counsel testified regarding her representation of Crucet, a medical expert testified regarding his review of Crucet's medical records and his opinion of what was necessary to present mitigating evidence of Crucet's TBI and PTSD, and some of Crucet's medical records were

admitted into evidence. After hearing the evidence and arguments of counsel, the trial court denied the motion for new trial.

Crucet argues that if his trial counsel had provided his medical records to the probation officer who was preparing his PSI, had ensured that he was evaluated by experts who could testify about the effects of his TBI and PTSD, and had called the evaluating expert(s) to testify regarding his TBI, seizures, and other medical conditions, that his sentence would have potentially been lower, including the possibility of community supervision.

Crucet was sentenced on the lower end of the punishment range for his second-degree felony offense. He had previously been placed on deferred adjudication community supervision for evading arrest in a motor vehicle. Crucet had been fleeing from law enforcement while riding a motorcycle at speeds over 150 miles per hour when he crashed, resulting in his TBI. Crucet was still on the deferred adjudication community supervision when he committed the instant offense, during which he entered a residence and pointed a gun at one of the occupants in a threatening manner. The medical records admitted into evidence and other testimony showed that Crucet's behavior at times was not solely because of his TBI but was exacerbated by his use of alcohol and marijuana against his doctor's advice after he sustained the TBI. The probation officer who prepared the PSI stated that Crucet admitted to her that he had been drinking the night of this offense.

The trial court was able to hear the evidence that Crucet contended his trial counsel should have presented during the sentencing hearing and determined that the motion for new trial should be denied on the basis of ineffective assistance of counsel. Our review of the entire record leads us to conclude that, based on the evidence presented, Crucet did not meet his burden pursuant to the second prong of *Strickland* to show that there was a reasonable probability that but for his trial counsel's alleged errors, the sentence he received would have been less. Further, because we have found that Crucet did not meet his burden as to the second prong of *Strickland*, it is not necessary for us to address the first prong as to whether his trial counsel's purported errors did or did not constitute ineffective assistance. We overrule issue one.

## DUE PROCESS VIOLATION

In his second issue, Crucet complains that the motion for new trial deadlines in the Texas Rules of Appellate Procedure violate the Due Process clause of the U.S. Constitution and the Texas Constitution as applied to Crucet. Crucet contends that the deadlines further deprived Crucet of the effective assistance of counsel on appeal. At the outset, we note that an appellant is required to raise state and federal constitutional claims as separate grounds with separate substantive analysis or argument provided for each ground. *See Berry v. State*, 233 S.W.3d 847, 855 n.3 (Tex. Crim. App. 2007). Further, an appellant must show how the protection provided by the Texas Constitution exceeds or differs from that provided to him or her by the federal constitution. *Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993). Crucet does not argue that the Texas

Constitution provides different or greater protection than the United States Constitution. Consequently, we will restrict our analysis of his claims to the applicable federal constitutional provisions. *See Flores v. State*, 319 S.W.3d 697, 702 n.8 (Tex. Crim. App. 2010).

Crucet contends that the 30-day deadline to file a motion for new trial in Rule of Appellate Procedure 21 deprives him of his due process rights and is therefore, unconstitutional as applied to him. *See* TEX. R. APP. P. 21. Rule 21 governs new trials in criminal cases. A motion for new trial is a prerequisite to presenting an issue on appeal when it is necessary to adduce facts not in the record. *See* TEX. R. APP. P. 21.2. The deadline for filing a motion for new trial is thirty days after the date the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a), (b). A trial court does not have jurisdiction to consider a motion for new trial filed after the deadline. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009).

In this proceeding, Crucet did file a motion for new trial alleging that during the punishment trial, counsel was ineffective. In support, Crucet attached the transcript from the punishment trial and affidavits from various witnesses and his appellate counsel to the motion. In the motion and in his brief on appeal, Crucet set forth a laundry list of investigative actions his appellate counsel would have undertaken but for the deadline, which include obtaining medical and psychological records from all of Crucet's medical providers, interviewing witnesses, and having a neuropsychological evaluation performed on Crucet.

Although Crucet provided an extensive list of the actions his appellate counsel would have undertaken, he was able to present testimony as to those issues in the motion for new trial hearing. This included the introduction and admission of some of Crucet's medical records, general expert testimony regarding Crucet's TBI and PTSD and the need for a psychological and neuropsychological evaluation, testimony from Crucet's father who had also testified about Crucet's TBI and PTSD in the punishment trial, and testimony from Crucet's trial counsel as to her strategic decisions relating to each of Crucet's allegations of ineffectiveness in an attempt to convince the trial court to grant him a new trial as to punishment; however, the trial court denied the motion for new trial, and we have found that it was not an abuse of discretion for him to do so.[1]

While it has been held that an abatement might be an appropriate remedy for counsel to file a motion for new trial where appellate counsel was unable to do so, or to conduct a hearing on the motion for new trial; however, Crucet did not seek such a remedy. *See Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987). Accordingly, we express no view on that procedure as a potential remedy.

Further, it has long been held that an application for a writ of habeas corpus is a better method for raising an ineffective assistance claim. *See Mitchell v. State*, 68 S.W.3d

---

[1] This proceeding is somewhat unique in that the trial court was the factfinder during the punishment trial and again at the motion for new trial. Because the factfinder was the same, the trial court in this proceeding was in the position to hear the evidence at the punishment trial and determine what sentence it felt was appropriate based on the evidence presented and then had the opportunity to reconsider its position through a motion for new trial during which it heard additional evidence not presented and determined that a new punishment trial based on the new evidence was not warranted.

640, 642 (Tex. Crim. App. 2002) ("A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims."); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("[I]n most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.").  The Supreme Court has held that an initial claim for ineffective assistance is not procedurally barred in a habeas proceeding for failure to raise it on direct appeal, recognizing that the Texas deadlines make it more effective to raise an ineffective assistance of counsel claim by a post-trial application for a writ of habeas corpus.  *Trevino v. Thaler*, 569 U.S. 413, 429, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013).  Appellate counsel made a strategic decision to first raise the ineffective assistance of counsel claim on direct appeal in a motion for new trial even though Crucet had, and still has, what has been held to be an adequate mechanism by an application for a writ of habeas corpus.[2]  We hold that the procedural deadlines to file and rule on a motion for new trial did not deprive Crucet of due process even in the absence of sufficient time to compile what he contends was needed information to be used for the motion for new trial hearing. Accordingly, Crucet has not established that Rule 21.4 is unconstitutional as applied to him in this proceeding.  We overrule issue two.

**EQUAL PROTECTION VIOLATION**

In his third issue, Crucet complains that the requirement that a motion for new

---

[2] We express no opinion as to what degree, if any, Crucet's ability to raise the ineffective assistance claim in a writ of habeas corpus might or might not be limited by his appellate counsel's strategic choice to raise the claim by direct appeal.  *See, e.g., Ex parte Nailor*, 149 S.W.3d 125, 131-32 (Tex. Crim. App. 2004).

trial is required in criminal cases as a prerequisite to presenting an issue on appeal violates the Equal Protection clause of the U.S. Constitution and the Texas Constitution, and the Open Courts provision of the Texas Constitution. Crucet argues that criminal rules of preservation and the civil rules differ unconstitutionally in that the civil rules do not require a motion for new trial in order to preserve error. However, Crucet does not cite to any examples of this disparity or how the disparity unfairly harms him. In support of his argument, Crucet cites to *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007). However, *Herndon* does not support Crucet's assertion that his right to equal protection was violated. Further, Crucet does not address the alleged Texas Constitution violations at all, and we will not address them for the reasons stated in issue two. We overrule issue three.

### CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed December 7, 2022
Publish
[CR25]

